Gaspar Berio, Plaintiff and Appellee, *v.* Juan Delfín Rivera, Defendant and Appellant.

No. 5102.   Argued December 18, 1930.—Decided June 19, 1931.

*Bolívar Pagán* for appellant. *L. A. García del Rosario* and *M. A. García del Rosario* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

This was an action upon an open account, not upon an account stated. Defendant's motion for a bill of particulars was denied.

Section 124 of our Code of Civil Procedure reads as follows:

"It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular."

Service of defendant's motion was substantially equivalent to a demand in writing for a copy of the account. Instead of furnishing such copy within the statutory period plaintiff requested that defendant's motion be set for a hearing and opposed the granting of the same. On overruling the motion the district judge did not give any reason for his action. Later, in disposing of the case he said that defendant had exhausted every means of resistance available to him under the law; that all kinds of demurrers and motions had been filed, and that the answer was only a general denial.

The motion for a bill of particulars had been preceded by a motion to quash the summons, a motion to strike, and a demurrer. Appellee lays much stress upon the fact that the first three of these pleadings were frivolous and interposed

only for the purpose of delay. This tax on the patience of the trial judge may explain, but can not justify, his action in overruling the motion for a bill of particulars. That motion was not frivolous and should not have been denied.

Appellee also insists that the district court exercised its discretion in passing upon the motion and that the result should not be disturbed on appeal. It may be seriously questioned whether the district court has any discretion as to matters clearly within the statute. 1 Bancroft's Code Pleading, 703, sec. 488. In any event, "where statutes providing for bills of particulars are construed to vest the courts with liberal powers in ordering them, such bills should be liberally allowed, unless they are clearly useless, and are sought merely for the purpose of annoyance." 49 C. J. 626, par. 887. There is also authority for the statement that "the ruling may be reviewed where it is plainly erroneous; and the discretion of the trial court as to the sufficiency of the bill of particulars which is filed in pursuance of the motion is a judicial discretion which may be reviewed." 4 C. J. 801, par. 2759. The case of *Molina* v. *Rodríguez*, 40 P.R.R. 661, relied on by appellee, is not in point.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent here-with.